**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| Jose Barragan Contreras, Juan Alonzo Orellana, and Jorge Yepez | : |
| | : |
| Individually, and on behalf of all others similarly situated as Class Representatives, | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION NO: |
| v. | : |
| | : CLASS AND REPRESENTATIVE |
| Rosann Landscape Corp., Rosann Land Improvement Ltd., and Ana Maria Birlescu | : ACTION |
| | : |
| | : JURY TRIAL REQUESTED |
| Defendants. | : |
| | : August __, 2017 |

_____

## COMPLAINT

## I.    PRELIMINARY STATEMENT

1.    Plaintiffs Jose Barragan Contreras, Juan Alonzo Orellana and Jorge Yepez (collectively "the Individual Plaintiffs" or "Plaintiffs") performed strenuous physical labor under harsh conditions in Defendants' landscaping and maintenance business, regularly working more than forty hours per week and more than ten hours in a day, but were paid nothing whatsoever for a substantial number of hours worked and were never paid a premium rate for overtime hours as required by Federal and State law.

2.    The Individual Plaintiffs, on their own behalf, on behalf of all others similarly situated, and as class representatives bring this action against Defendants Rosann Landscape Corp., Rosann Land Improvement Ltd., and Ana Maria Birlescu (collectively "Defendants"), for Defendants' failure to lawfully pay Plaintiffs' wages for their work.

3.      Plaintiffs allege violations of the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the minimum wage and overtime provisions of New York Labor Law Article 19 §650, *et seq.* ("NYLL"), and unjust enrichment. Plaintiffs seek their earned but unpaid wages, liquidated damages pursuant to the FLSA, liquidated damages pursuant to the NYLL, and reasonable attorneys' fees, costs, and interest, as well as declaratory relief. Alternatively, Plaintiffs seek the reasonable value for their unpaid labor.

4.      Plaintiffs seek to equitably toll the statute of limitations.

5.      Plaintiffs bring their FLSA claims individually and on behalf of other similarly situated current and former employees of Defendants under the collective action provisions of the FLSA, 29 U.S.C. § 216(b).

6.      Plaintiffs bring their NYLL and unjust enrichment claims individually and on behalf of a class of persons pursuant to Rule 23(a), 23(b) and (b)(3) of the Federal Rules of Civil Procedure.

## II.    JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337. As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

8.      With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. §1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

## III.     THE PARTIES

10.     Plaintiff Jose Barragan Contreras is an adult individual and resident of the State of New York, Westchester County.

11.     Plaintiff Juan Alonzo Orellana is an adult individual and resident of the State of New York, Westchester County.

12.     Plaintiff Jorge Yepez is an adult individual and resident of the State of New York, Westchester County.

13.     At all times relevant to this Complaint, Plaintiffs were employees of Defendants as that term is defined by

      a.  the FLSA, 29 U.S.C. § 203(e) (1), and by

      b.  the NYLL § 190.

14.     At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce or the production of goods for commerce, and/or were employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 29 U.S.C.A. §203(b)(r)(1).

15.     Upon information and belief, Defendant Rosann Landscape Corp. ("Landscape") is a domestic corporation doing business in the State of New York and Westchester County. Landscape maintains corporate headquarters at 633 5th Ave Larchmont, NY 10538.

16.     Upon information and belief, Defendant Rosann Land Improvement Ltd. ("Improvement") is a domestic corporation doing business in the State of New York and

Westchester County.  During the time period relevant to this complaint, Improvement has maintained corporate headquarters at 633 5th Ave Larchmont, NY 10538 and 45 Knollwood Road Elmsford, NY 10523.

17.    Upon information and belief, Defendant Ana Maria Birlescu is the managing director of Landscape and the principal of Improvement.  Defendant Birlescu is a resident of the State of New York.

18.    Upon information and belief, at all times relevant to the Complaint, Defendant Birlescu made all relevant decisions regarding Plaintiffs' and all other employees' wages, working conditions and employment status at Landscape and Improvement.

19.    At all times relevant to the Complaint, Defendant Birlescu had the power to hire and fire employees, set employees' wages, retain time and/or wage records, and otherwise control the terms and conditions of all employees' employment at Defendants Landscape and Improvement (collectively "the Rosann Entities").

20.    At all times relevant to the Complaint, Defendant Birlescu had the power to stop any illegal pay practices at the Rosann Entities.

21.    At all times relevant to the Complaint, Defendant Birlescu actively managed, supervised, and directed the business affairs and operation of the Rosann Entities, and acted directly and indirectly in relation to the employees.

22.    At all times relevant to the Complaint, Defendant Landscape was an employer of each of the Plaintiffs as that term is defined by

    a.   the FLSA, 29 U.S.C. §203(d) and by

    b.   NYLL § 190.

23.    At all times relevant to the Complaint, Defendant Improvement was an employer of each

of the Plaintiffs as that term is defined by

    a.  the FLSA, 29 U.S.C. §203(d) and by

    b.  NYLL § 190.

24.    At all times relevant to the Complaint, Defendant Birlescu was an employer of each of the Plaintiffs as that term is defined by

    a.  the FLSA, 29 U.S.C. §203(d) and by

    b.  NYLL § 190.

25.    Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five calendar years and individually and collectively are an enterprise engaged in commerce.

## IV.    STATEMENT OF FACTS

26.    At all relevant times, Defendants provided landscaping and maintenance services to large residential facilities in New York and New Jersey.

27.    Defendants hired and employed Plaintiffs to perform a range of physical labor including driving of automobiles and light vans, transport of equipment, gardening, landscaping, and maintenance of streets and park areas.

28.    Defendants' business is headquartered in Larchmont, New York and all operations were directed from this location.

29.    Plaintiffs regularly worked at multiple locations in New York State, as well as at least one location in the State of New Jersey.

30.    Plaintiffs routinely worked in excess of 40 hours per week, i.e. "overtime hours", and more than 10 hours in a day.

31.    Defendants failed to pay Plaintiffs anything whatsoever for certain hours worked.

32.    Specifically, Plaintiffs were routinely required to report for work at a designated location, gather and load equipment into an automobile and transport themselves and equipment to another work site where Plaintiffs performed additional labor. The period of time between Plaintiffs' reporting for work at the first location and arrival at the subsequent work site often exceeded one and a half hours. This was typically repeated at the conclusion of Plaintiffs' work day as Plaintiffs returned equipment to their starting point. Defendants paid Plaintiffs nothing for their labor during these time periods. In total, Plaintiffs routinely performed at least 10 hours of uncompensated "off the clock" labor each week.

33.    Plaintiffs routinely worked six days per week, performing at least 48 hours of "on the clock" work each week.

34.    Defendants never paid Plaintiffs a premium rate for overtime hours in violation of the FLSA and NYLL.

35.    On average, Plaintiffs worked more than 10 hours in a single day at least once weekly.

36.    Defendants never paid Plaintiffs a premium rate for the additional time for days in which Plaintiffs worked more than 10 hours in violation of the NYLL.

37.    Plaintiff Jose Barragan Contreras was employed by Defendants from approximately April 2000 to July 14, 2017. Plaintiff Jose Barragan Contreras was hired at an hourly rate of $15 per hour which was increased incrementally to $24 per hour during the course of his employment. As described above, he routinely worked in excess of 40 hours per week, typically at least 58 hours, and was never paid a premium rate for overtime hours.

38.    Plaintiff Juan Alonzo Orellana was employed by Defendants from approximately 2013 to July 14, 2017. Plaintiff Juan Alonzo Orellana was hired at an hourly rate of $15 per hour.

As described above, he routinely worked in excess of 40 hours per week and was never paid a premium rate for overtime hours. In a typical work week, Plaintiff Juan Alonzo Orellana worked at least 58 hours and was paid $600. As a result, he was only paid for forty hours of his labor and was paid less than the applicable New York State minimum hourly wage for additional hours worked.

39.     Plaintiff Jorge Yepez was employed by Defendants from approximately May 2017 to June 3, 2017. Plaintiff Jorge Yepez was hired at a rate of $15 per hour. As described above, he routinely worked in excess of 40 hours per week and was never paid a premium rate for overtime hours. In a typical work week, Plaintiff Jorge Yepez worked at least 58 hours and was paid $600. As a result, he was only paid for forty hours of his labor and paid less than the applicable New York State minimum hourly wage for additional hours worked.

40.     During Plaintiffs' employment, Defendants did not post and keep posted a notice explaining the Fair Labor Standards Act in a conspicuous place in their establishment such as would permit Plaintiff or other employees to observe readily a copy, as required by 29 C.F.R. §516.4.

41.     During Plaintiffs' employment, Defendants did not post and keep posted the minimum wage and overtime poster issued by the New York State Department of Labor at the places of employment where it could be read easily by their employees, as required by NYLL.

42.     During Plaintiffs' employment, Defendant did not notify Plaintiffs, or post and keep posted the notice, of the employer's policy on sick leave, vacation, personal leave, holidays and hours, as required by NYLL 195(5).

43.    Plaintiffs Alonzo Orellana and Yepez did not receive at the time of hiring or any subsequent time a wage notice in English or Spanish, the Plaintiffs' primary language, containing the information outlined in NYLL § 195(a)(1) such as the rate of pay.

44.    Plaintiffs did not receive weekly wage stubs or statements containing all information required by NYLL § 195(3) such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

45.    Plaintiffs do not speak or read English fluently.

46.    During Plaintiffs' employment, Defendants took no steps whatsoever to notify Plaintiffs that they were entitled to premium pay for overtime hours.

47.    Notwithstanding that Defendants knew that Plaintiffs routinely worked overtime hours, Defendants issued paychecks to Plaintiffs that deliberately misrepresented to Plaintiffs that they were not entitled to premium pay for working overtime hours.

48.    During Plaintiffs' employment by Defendants, Plaintiffs did not discover the nature or extent of Defendants' violations of their right to be paid according to the law because, *inter alia*, Defendants failed to conspicuously post and provide to Plaintiffs information mandated by federal and state law.

49.    Defendants led Plaintiffs to believe that nonpayment of wages for work performed prior to arrival at and after departure from  "the plant" and nonpayment of premium rate for overtime hours was a lawful business practice.   In response to inquiries by Plaintiff Barragan Contreras on behalf of himself and other employees, Defendant Birlescu told Plaintiff Jose Barragan Contreras on multiple occasions that he was not entitled to overtime pay or payments for hours worked before arrival at "the plant."

50.    Upon leaving Defendants' employment, Plaintiffs have learned of their rights under the

applicable statute, and promptly commenced this suit.

51.     Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiffs premium pay for all hours worked in excess of forty (40) per week.

52.     Upon information and belief, during the period of Plaintiffs' employment by Defendants, at all times approximately 10-15 other individuals were also employed by Defendants in similar capacities and were subject to the same nonpayment of lawful wages in violation of Federal and State law.  The duration of employment for each individual varied and was often less than six months.  Plaintiffs estimate that in total at least 60-70 individuals were employed by Defendants in similar capacities at the same job sites and subject to the same pay policies during the past three years.

## V.     COLLECTIVE AND CLASS ACTION ALLEGATIONS

53.     Plaintiffs bring their First Cause of Action as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of all current and former employees who have worked for Defendants as landscape and maintenance staff within the prior three years, or such earlier date as the Court may determine is equitable.

54.     In addition, Plaintiffs seek to add such additional former employees who ceased work in excess of three years prior to the filing of this matter by means of equitable tolling.

55.     The current and former employees described in the two preceding paragraphs above are situated similarly to Plaintiffs within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First Cause of Action herein may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA.

56.     This action is also maintainable as a collective action pursuant to FLSA, 29 U.S.C. §
216(b) because the prosecution of separate actions by individual members of the Class
would create a risk of inconsistent or varying adjudications with respect to individual
current and former employees which would establish incompatible standards of conduct
for Defendants.

57.     Plaintiffs bring their NYLL and unjust enrichment claims on behalf of themselves and all
other similarly situated individuals under Rules 23(a), (b)(2) and (b)(3) of the Federal
Rules of Civil Procedure.  Plaintiffs bring these New York State law claims on behalf of
all person who worked for one or more of the Defendants as landscape and maintenance
staff at any time after August 24, 2011 to entry of judgment in this case (the "Class" and
"Class Period" respectively), or such earlier date as the Court may determine is equitable.

58.     The persons in the Class identified above are so numerous that joinder of all members is
impracticable. Although the precise number of such persons is unknown, and facts on
which the calculation of that number are presently within the sole control of Defendants,
upon information and belief, there are approximately 60-70 members of the Class during
the Class Period. There are questions of law and fact common to the Class which
predominate over any questions affecting only individual members. The claims of the
Individual Plaintiffs are typical of the claims of the Class. The Individual Plaintiffs will
fairly and adequately protect the interests of the Class. A class action is superior to other
available methods for the fair and efficient adjudication of the controversy – particularly
in the context of wage and hour litigation where individual employees lack the financial
resources to vigorously prosecute a lawsuit in federal court against corporate defendants.
The Defendants have acted or refused to act on grounds generally applicable to the Class,

10

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

59.    Questions of law and fact common to the collective and class action as a whole include, but are not limited to the following:

    a.    Whether each of the Defendants is an employer of the Class under the FLSA and/or the NYLL;

    b.    Whether Defendants unlawfully failed and continue to fail to pay overtime compensation in violation of FLSA;

    c.    Whether Defendants unlawfully failed and continue to fail to pay minimum wage, spread of hours and overtime compensation in violation of NYLL;

    d.    Whether Defendants' unlawful failure to pay minimum wage, spread of hours and overtime compensation to the Class was willful;

    e.    Whether Defendants provided adequate notice to the Class of their rights under the FLSA and the NYLL; and

    f.    Whether Defendants received a benefit from Plaintiffs labor during the uncompensated hours.

60.    The names, last known addresses and cell phone numbers of the Class Plaintiffs are available from Defendants and notice should be provided to the Class both by first class mail to their last known address and by workplace posting, as well as by other practicable means including but not limited to text messaging, as soon as possible.

## VI.    FIRST CAUSE OF ACTION

### *Fair Labor Standards Act*

61.    Plaintiffs Jose Barragan Contreras, Juan Alonzo Orellana and Jorge Yepez (collectively

11

"the Named Plaintiffs ") and any Class members who file individual consents to sue in this action restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

62.    Defendants willfully failed to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

63.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### VII.    SECOND CAUSE OF ACTION

### *New York Labor Law*

64.    The Named Plaintiffs on behalf of the Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

65.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten in one day, in violation of the NYLL and its regulations.

66.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs at the applicable minimum hourly wage, in violation of NYLL.

67.    Defendants willfully failed to provide Plaintiffs Alonzo Orellana and Yepez, at the time of hiring or any subsequent time, a wage notice in English or Spanish, the Plaintiffs'

primary language, containing the information required by NYLL § 195(a) such as the rate of pay.

68.     Throughout the entire course of their employment, Defendants willfully failed to provide Plaintiffs weekly wage stubs or statements containing all information required by NYLL § 195(3) such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

69.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, (a) their unpaid overtime compensation, their unpaid minimum wages, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1); and (b) $50 for each day Defendants failed to provide each Plaintiff with the required wage notice not to exceed a total of $5,000 for each violation; (c),  $250 for each workday Defendants failed to provide each Plaintiff with a wage statement, not to exceed a total of $5,000 for each violation, together with costs and reasonable attorneys' fees in accordance with NYLL § 198.

## VIII.  THIRD CAUSE OF ACTION

### *Unjust Enrichment*

70.     The Named Plaintiffs on behalf of the Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

71.     The Named Plaintiffs allege that they have conferred substantial benefits on the Defendants by their labor for which they are entitled to as-yet unpaid compensation.

72.     The Named Plaintiffs performed their labor for Defendants in the good faith belief that they would be properly compensated.

73.    Defendants accepted, indeed required, the services from the Named Plaintiffs as part of their employment.

74.    Plaintiffs reasonably expected to be compensated for their labor which reasonable expectation Defendants fostered with their weekly payment to Plaintiffs for their labor.

75.    The reasonable value of the unpaid time may be readily calculated from the hourly wages paid to the Named Plaintiffs by Defendants as modified by the requirements of the applicable statutes.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

76.    Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and (3);

77.    Designate this action as a collective action on behalf of the Class pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the Class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of all "opt-in" Class Plaintiffs from the date of filing of this Complaint until the Class has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

78.    Designate Plaintiffs as representatives of the Class Plaintiffs;

79.    Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' and the Class's rights under the FLSA;

80.    Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under NYLL;

81.    Declare that Defendants' violations of the FLSA and NYLL were willful;

82.    Equitably toll the statute of limitations;

83.    Order Defendants to pay to Plaintiffs and Class all overtime wages owed, consistent with the FLSA;

84.    Order Defendants to pay to Plaintiffs and Class Plaintiffs all minimum, spread of hours and overtime wages owed, consistent with NYLL;

85.    Order Defendants to pay to Plaintiffs and Class Plaintiffs the statutorily prescribed penalties for failure to provide Plaintiffs with notice required by NYLL;

86.    Award Plaintiffs and Class Plaintiffs liquidated damages for all wages withheld in violation of FLSA;

87.    Award Plaintiffs and Class Plaintiffs additional liquidated damages for all wages withheld in violation of NYLL;

88.    Order Defendants to pay Plaintiffs such amounts to prevent Defendants from being unjustly enriched;

89.    Award the Individual Plaintiffs additional appropriate compensation as incentive payments for their particular participation in this litigation benefitting other workers;

90.    Award Plaintiffs reasonable attorneys' fees, costs and interest; and

91.    Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

RESPECTFULLY SUBMITTED,

  /s/ Robert McCreanor
ROBERT MCCREANOR, Esq.
Hudson Valley Justice Center
30 South Broadway
Yonkers, NY 10701
(914) 308-3490
rmccreanor@hvjc.org

 /s/ David Tykulsker
 DAVID TYKULSKER, Esq.
 David Tykulsker & Associates
 161 Walnut Street
 Montclair, NJ 07042
 (973) 509-9292 (phone)
 (973) 509-1181 (fax)
David@dtesq.com

**ATTORNEYS FOR THE PLAINTIFFS**

16