# Bernbach
# Law Firm PLLC

6 Plymouth Drive
Scarsdale, N.Y. 10583
(Tel.) 914-422-5717
Bernbachlawfirm@verizon.net

October 12, 2020

Hon. Cathy Seibel, U.S.D.J
United States District Court
300 Quarropas Street
White Plains, NY 10601-4150

      Re:  <u>Contreras et al. v. Rosann Landscape Corp. et al. 7:17-cv-06453(CS)</u>

Dear Judge Seibel:

      Defendants respectfully submit this letter motion to adjourn the trial date in the above-referenced action in order to allow them sufficient time to obtain trial counsel. It is with profound personal and professional disappointment that the undersigned must advise the Court that although my firm and I will continue on as counsel of record and will handle all non in-person court matters, I have determined in consultation with my family physician, a specialist in the field of infectious diseases, that I cannot expose myself, or even more importantly, my wife to the risk of exposure to Covid 19 that would be attendant with personally conducting the trial. I believe that the Court will appreciate from my conduct of defendants' defense to date, that for the past three years I have been very much looking forward to the opportunity of demonstrating the falsity of plaintiffs off-the-clock hours claim. However, such is not to be the case. I am 77 years old and suffer from hypertension, and my wife, who is 76 years of age, has health issues of the most serious nature. I do not know how difficult it will be to secure new counsel in this time of pandemic but, even in a best case scenario, I expect it will require at least a 60 day adjournment to allow sufficient time to do so and for new counsel to prepare for trial.

      While I recognize the Court's Individual Rules do not require a pre-motion conference for a request for reconsideration, defendants do wish to advise the Court that, based upon the newly obtained, oft-repeated and categoric deposition testimony of Steven Reyes and Abimael Beltran (who last Sunday sat through an absurd 8.5 hour deposition by plaintiffs, at the end of

which Mr. McCreanor was reduced to unsuccessfully trying to get him to concede that on some occasions he may have removed the tarp from his lawn mower and checked the gasoline level, which he testified took about two minutes, before 7 a.m. ) that Rosann Landscape employees did not work off-the-clock hours, as well as the admission of named plaintiff Juan Orellana, which is the subject of defendants' pending motion in limine, that Rosann Landscape employees who lived in New Jersey (who are a majority of class members) arrived for work at or shortly before 7a.m., defendants will, upon receipt of the Beltran deposition transcript, move for reconsideration of the Court's denial of their motion for partial summary judgment on that issue.

      In the interests of full disclosure, defendants also wish to advise the Court that, after either dismissal by the Court or a favorable jury verdict, they plan to seek legal fees and other appropriate sanctions pursuant to Fed. R. Civ. P. 11 for plaintiffs' and their counsels' continued pursuit of the frivolous off-the-clock hours claim long after it became readily apparent that the claim was false and fraudulent and entirely without merit. Even assuming that plaintiffs' counsel were not themselves the authors of the claim and that they initially believed their client's claim of working 6:30a.m. – 7:00a.m. and 3:30p.m. – 4:00p.m., they nevertheless continued to pursue it even after it became painfully obvious that it was false; even after Contreras' deposition testimony revealed that he could not have left Larchmont for the 1-1.5 hour journey to the workplace at 5:50a.m. and arrived in time to begin work at 6:30a.m.; even after Newport Manger Lori Wisseman provided affidavits which stated that the gate to the parking lot was locked until 7:00a.m., precluding plaintiffs from having begun work at 6:30a.m.; even after plaintiffs falsely stated that Contreras had a key to the gate; even after surveillance footage of the gate to the parking lot at the Newport facility showed plaintiff Barragan Contreras and those travelling with him arriving well after 6:30a.m. and departing well before 4:00p.m.; even after EZPass records showed Contreras' van routinely crossing the George Washington Bridge in the afternoon at times that would not have been possible had they left Jersey City for the return trip to Larchmont at 4:00p.m. or had even left after 3:30p.m.; even after plaintiffs' counsel Hussain in a letter to the Court backed away entirely from the claim that plaintiffs worked a full hour each day off-the-clock by attempting to recast the claim as being that plaintiffs merely worked "some" time before and after regularly scheduled work hours; even after defendants' pending motion in limine based on Orellana's admission that Rosann Landscape employees who lived in New Jersey (who comprise the majority of the class members) began work at 7:00a.m. (or even the errata sheet version that they arrived at Newport shortly before 7:00a.m.); and even after the recent oft-repeated, categoric deposition testimony of Steven Reyes and Abimael Beltran that there was no off-the-clock hours work.

Respectfully,

Jeffrey M. Bernbach

Cc: Robert McCreanor (via ECF)
    David Tykulsker (via ECF)
    Maureen Hussein (via ECF)

JMB/rc

# Bernbach Law Firm PLLC

| | |
|---|---|
| **From:** | Bernbach Law Firm PLLC <bernbachlawfirm@verizon.net> |
| **Sent:** | Monday, October 12, 2020 4:07 PM |
| **To:** | 'Robert McCreanor' |
| **Subject:** | RE: Motion |

Jeffrey M. Bernbach
Bernbach Law Firm PLLC
707 Westchester Avenue, Suite 411
White Plains, NY 10604
(Tel.) 914-422-5717
(Fax) 914-422-5718

Rob-

Thank you for the response.  Actually it is only two weeks since the parties received notice of the trial date, during which I have had to give a great deal of thought to my decision, and to seek medical advice advice. Believe me, if I had any other option, I would dearly love to try this case. In reality, there still is no certainty that the trial will proceed on schedule in light of the increase in Covid 19 cqses in New york and the possibility of cases occurring in  the Southern District. I am not even that optimistic about the Court's ability to get a sufficient number of jurors willing to serve. But I cannot wait to see whether the trial will be postponed as a result thereof. In any event, while your willingness to agree to a 4 week postponemen is appreciated, it makes no sense as that would land us in the middle of the holiday season and it would be unrealistic to expect new counsel to have sufficient time to prepare. In truth, 60 days may be overly optimistic. Finally, while you might not agree, the likelihood of prejudice to your client is very slight in light of the unlikelihood that it will prevail on the off the clock hours calim.

Jeff
-----Original Message-----
From: Robert McCreanor [mailto:rmccreanor@wjcny.org]
Sent: Monday, October 12, 2020 3:02 PM
To: bernbachlawfirm@verizon.net
Cc: Maureen Hussain; 'David Tykulsker'
Subject: RE: Motion

Jeff -

Plaintiffs object to any adjournment beyond 4 weeks, for the following reasons:

1. For at least one month, Defendants have been aware of the general timeframe and conditions for trial in this case and could have sought to arrange for new counsel.  More generally, Defendants and counsel have known that this matter had a substantial chance of being tried, that such a trial would be in-person and that Counsel was at heightened risk for adverse health outcomes.  To be blunt, Mr. Bernbach has been long aware of the dilemma in which he now purports to suddenly find himself and, for reasons unexplained, took no meaningful action, including but not limited proactively seeking substitute trial counsel, to deal with this issue until the eve of trial.   Such dilatory conduct is unfair to both the Court and to Plaintiffs and the Class.

# Bernbach Law Firm PLLC

**From:** Robert McCreanor <rmccreanor@wjcny.org>
**Sent:** Monday, October 12, 2020 3:02 PM
**To:** bernbachlawfirm@verizon.net
**Cc:** Maureen Hussain; 'David Tykulsker'
**Subject:** RE: Motion

Jeff -

Plaintiffs object to any adjournment beyond 4 weeks, for the following reasons:

1. For at least one month, Defendants have been aware of the general timeframe and conditions for trial in this case and could have sought to arrange for new counsel. More generally, Defendants and counsel have known that this matter had a substantial chance of being tried, that such a trial would be in-person and that Counsel was at heightened risk for adverse health outcomes. To be blunt, Mr. Bernbach has been long aware of the dilemma in which he now purports to suddenly find himself and, for reasons unexplained, took no meaningful action, including but not limited proactively seeking substitute trial counsel, to deal with this issue until the eve of trial. Such dilatory conduct is unfair to both the Court and to Plaintiffs and the Class.

2. For the reasons acknowledged by the Court in entry of judgment pursuant to 54(b), Plaintiffs are prejudiced by continued delay in these proceedings to recoup their unpaid wages.

3. As Mr. Bernbach has stated that he will continue as an attorney of record for Defendants in this proceeding, trial counsel will not have the same burden as if there were a substitution of counsel.

Notwithstanding the foregoing, Plaintiff would consent to an adjournment of not longer than 4 weeks.

In accordance with Judge Seibel's individual rules, please provide a copy of this e-mail to the Court with Defendants' motion.

Robert McCreanor
Legal Director
Worker Justice Center of New York


T: 845-331-6615 ext. 1007
F: 845-331-6617
rmccreanor@wjcny.org

Westchester Office
245 Saw Mill River Road, Suite 106
Hawthorne, NY 10532

Kingston Office
9 Main St
Kingston, NY 12401

Rochester Office