# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOSE BARRAGAN CONTRERAS, JUAN
ALONZO ORELLANA, AND JORGE
YEPEZ, Individually, and on behalf of all
others similarly situated as Class
Representatives,

               Plaintiff,

               v.

ROSANN LANDSCAPE CORP., A.F.A.
MANAGEMENT CORP., AND ANA
MARIA BIRLESCU,

               Defendants.

Case No.: 7:17-CV-6453-CS

## ORDER GRANTING THE PARTIES' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SERVICE AWARDS, CLASS COUNSEL'S FEES, AND COSTS

WHEREAS, the above-captioned matters came before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement ("Motion for Final Approval and Judgment"), (Doc. 299), and Plaintiffs' Motion for Approval of Class Counsel's Fees and Costs and Service Awards ("Fees Motion"), (Doc. 302).

WHEREAS, on October 19, 2020, the parties and non-party Frank Auricchio Revocable Living Trust entered into the Settlement Agreement and Release (the "Agreement"), which resolves all claims asserted in the Litigation, and said Agreement was then put into a full version written form which the parties have executed;

WHEREAS, on November 6, 2020, Plaintiffs moved for preliminary approval of the Agreement;

WHEREAS, on November 18, 2020, in a written Order, the Court granted Plaintiffs'

request for preliminary approval of the settlement and authorized the Claims Administrator to begin mailing of the Class Notice (Doc. 297);

WHEREAS, the Parties received no objections from any Class Members following the distribution of the Class Notice;

WHEREAS, the Parties have not received any request to opt out of the settlement;

WHEREAS, on March 19, 2021, the Court held a Fairness Hearing to consider the Settlement and hear arguments;

NOW, THEREFORE, IT HEREBY IS ORDERED, upon consideration of the Motion for Final Approval and Judgment, the supporting brief and declarations, arguments presented at the Fairness Hearing on March 19, 2021, and the complete record in this matter, for good cause shown, that:

1.    Except as otherwise specified herein, for purposes of this Order, the Court adopts the definitions of all capitalized terms used herein as set forth in the Agreement.

2.    This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties, including, by consent, the Frank Auricchio Revocable Living Trust.

3.    The Class Notice issued pursuant to this Court's November 18, 2020 Order, along with other efforts to effectuate notice made by Class Counsel and the Plaintiffs as detailed in the Motion for Final Approval, constituted the best notice practicable under the circumstances, were accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the United States Constitution and any other applicable law.

4.      The Court grants final approval of the Agreement and incorporates its terms herein. The Court finds that the Settlement, including the settlement of FLSA claims, is fair, reasonable, and adequate in all respects, and that it is binding on Class Members, Defendants Rosann Landscape Corp., A.F.A. Management Corp., and Ana Maria Birlescu, and the Frank Auricchio Revocable Living Trust. The Court specifically finds that the Settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Agreement is the result of arms' length negotiations between experienced counsel representing the interests of the Parties, after thorough factual and legal investigation.

5.      The Court finds that the proposed plan of allocation is equitable and rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

6.      The Parties and Claims Administrator shall proceed with the administration of the Settlement in accordance with the terms of the Agreement.

7.      This entire case is dismissed in its entirety with prejudice as to all Named Plaintiffs and Class Members.

8.      Without affecting the finality of this Order, the Court will retain jurisdiction over the case after Final Approval, including, by consent, the Frank Auricchio Revocable Living Trust, for purposes of (i) enforcing the Agreement, (ii) addressing Settlement administration disputes, and (iii) addressing such post-judgment matters as may be appropriate under Court rules or applicable law. The parties shall abide by all terms of the Agreement and this Order.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Plaintiffs' application for service payments, costs, and fees, that:

9.      The Court approves the requested Service Awards to the Class Representatives of $15,000 each, Service Awards to Opt-in Plaintiffs Agustin Iniguez and Manuel Argueta of $7,500 each and Service Awards to Opt-in Plaintiffs Antonio Sanchez, Isaac Yepez, Javier Ibarra, and Rafael Aguilar of $3,000 each.  Such Service Awards are in addition to the amounts these individuals will otherwise be eligible to receive as their share of the recovery and shall be paid from the Settlement Amount.  Such Service Awards are to compensate the Class Representatives and Opt-in Plaintiffs for the time and effort expended in assisting in the prosecution of the Litigation and the ultimate recovery, for the burdens and risks they bore on behalf of the class, and for their efforts in conferring a benefit on the passive class.

10.     The Court approves an award of attorneys' fees in the amount of $293,013.28, to be paid from the Settlement Amount.  Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts, including the ultimate recovery obtained.

11.     The Court also awards Class Counsel reimbursement of Litigation expenses, to be paid from the Settlement Amount, in the amount of $23,289.06.  The Claims Administrator is authorized pay its fees from the Settlement Fund on a regular basis as it performs the work set forth in the Settlement Agreement throughout the administration of this settlement up to an amount not to exceed $20,000.

It is so ORDERED this 19th day of March, 2021.

Honorable Cathy Seibel
United States District Judge